UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANGEL COLLAZO,<br>    *Plaintiff*, | )    3:22-CV-1006 (SVN)<br>)<br>) |
| v. | )<br>) |
| MILFORD TRANSIT DIST.,<br>    *Defendant*. | )<br>)    April 14, 2023 |

**RULING AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

Sarala V. Nagala, United States District Judge.

Plaintiff Angel Collazo has initiated this *pro se* employment discrimination action against his former employer, Defendant Milford Transit District. Defendant has now moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. For the following reasons, the Court DENIES Defendant's motion to dismiss without prejudice and directs Plaintiff to effectuate proper service on Defendant.

    **I.**     **FACTUAL BACKGROUND**

The following factual background and procedural history are relevant to the present motion to dismiss. Plaintiff alleges that Defendant terminated his employment on November 2, 2020, due to his Hispanic race and his Puerto Rican national origin. First Amended Complaint ("FAC"), ECF No. 12, ¶¶ 4–5. On February 7, 2021, he filed a charge of employment discrimination against Defendant with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). ECF No. 1-1 at 7. On December 15, 2021, the CHRO issued a draft decision finding no reasonable cause to believe that Defendant discriminated against Plaintiff, and that draft decision subsequently became final. *Id.* at 5. At some point, Plaintiff also filed a charge of employment discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC"), which issued a notice of a right to sue on May 11, 2022. *Id.* at 1.

Plaintiff initiated the present action against Defendant on August 8, 2022, alleging employment discrimination in violation of Title VII. ECF No. 1. He subsequently filed an amended complaint as a matter of right, *see* ECF Nos. 11, 12. After conducting an initial review of the complaint and finding it not frivolous, the Court set a deadline of January 9, 2023, for Plaintiff to serve process and the complaint on Defendant. ECF No. 11. Plaintiff then filed a "proof of service" in which he represents that he served Defendant with the summons and complaint on January 3, 2023, by express mail. ECF No. 16. Defendant subsequently appeared and filed the present motion to dismiss. ECF Nos. 18, 22.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 4 sets forth the rules for service of process in a civil action, and Rule 12(b)(5) provides that a defendant may move to dismiss the complaint due to insufficient service of process. *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007). "A motion to dismiss pursuant to Rule 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules." *Id.* Proper service of process pursuant to Rule 4 is a prerequisite to a court's exercise of personal jurisdiction over a defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Rzayeva*, 492 F. Supp. 2d at 74 (citation and internal quotation marks omitted).

The manner in which service can be made on a defendant under Rule 4 depends on the defendant's status. If the defendant is a domestic corporation, Rule 4(h) provides that service can be made according to the relevant state law for serving a summons in the state where the district court is located, or by delivering a copy of the summons and the complaint to "a managing or

general agent" or "any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1).  Rule 4(d) also provides, however, that a corporation subject to Rule 4(h) "has a duty to avoid unnecessary expenses of serving the summons," and thus may be required to pay the expenses incurred in making service if it fails to sign a waiver request without good cause.  Fed. R. Civ. P. 4(d)(1)–(2).

If a defendant is, on the other hand, a municipal corporation or any other state-created governmental organization, Rule 4(j)(2) provides that such an entity must be served by delivering a copy of the summons and of the complaint to its chief executive officer or serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.  Fed. R. Civ. P. 4(j)(2).

Regardless of which subsection of Rule 4 applies, Rule 4(c)(2) provides that any person "who is at least 18 years old and not a party" may serve the summons and complaint.  Fed. R. Civ. P. 4(c)(2).  If a plaintiff does not effectively serve a defendant within ninety days after filing the complaint, Rule 4(m) provides that "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  That Rule further provides that, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Courts in this circuit have extended the deadline for a plaintiff to effectuate proper service pursuant to Rule 4(m) in two ways.  First, the court *must* extend the service deadline if the plaintiff can demonstrate "good cause," which is a high standard, generally requiring "exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [his] control."  *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 598 (E.D.N.Y. 2013) (citations and internal quotations marks omitted).

Second, the court *may* extend the service deadline in its discretion, "even where there is no good cause shown." *Zapata v. New York*, 502 F.3d 192, 196 (2d Cir. 2007); *Mares v. United States*, 627 F. App'x 21, 23 (2d Cir. 2015) (summary order). Courts considering whether to exercise discretion to extend the service deadline in the absence of good cause consider factors such as: whether a refiled action would be time-barred; whether the defendant had actual notice of the claims; whether the defendant attempted to conceal the defect in service; and whether the defendant would be prejudiced by an extension of the service period. *See, e.g.*, *John v. Bridgeport*, 309 F.R.D. 149, 154 (D. Conn. 2015); *Jordan*, 928 F. Supp. 2d at 598.

## III.  DISCUSSION

Here, regardless of which subsection of Rule 4 applies to service on Defendant based on its status, the Court agrees with Defendant that Plaintiff's attempts to effectuate service did not comply with the requirements of Rule 4. It appears Plaintiff attempted to serve Defendant under Rule 4(h), as a domestic corporation, and Rule 4(d), which allows such corporations to waive service. Defendant represents that Plaintiff twice attempted to send requests of waiver of service, but the requests were not addressed to its agent for service; further, they did not contain complete copies of the operative complaint, did not include two copies of the waiver form, did not include a prepaid means of returning a signed waiver form.[1] Based on those representations, the Court agrees with Defendant that Plaintiff's attempts to obtain a waiver of service from Defendant were procedurally deficient.

Nevertheless, the Court will not dismiss the complaint at this time. Rather, it *sua sponte* extends the deadline for Plaintiff to effectuate proper service pursuant to Rule 4(m). As a

---

[1] Defendant appears to suggest that service was also deficient because Plaintiff did not file the waiver of service packet with the Court. ECF No. 22-1 at 2. Rule 4(d) contains no such filing requirement, however; only the executed waiver of service form must be filed with the Court.

4

preliminary matter, the mandatory extension of the service deadline contemplated by that Rule does not apply here.  Plaintiff does not identify any exceptional circumstances that caused the deficiencies in his attempts to serve Defendant, and his *pro se* status, standing alone, is generally not enough to meet this high standard.  *See Jordan*, 928 F. Supp. 2d at 598.  With respect to a discretionary extension of the service deadline, however, three out of the four factors weigh in favor of extending the service deadline.

To begin, it appears that a refiled action would be time-barred under Title VII.  It is well established that a Title VII action "must be brought within 90 days of receipt of an EEOC right-to-sue letter."  *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (citing 42 U.S.C. § 2000e-5(f)(1)).  The filing of a Title VII action tolls the ninety-day limitation period only for the duration of the ninety-day period of service prescribed by Rule 4(m).  *Pimentel v. Atrium Hosp. LP*, No. 3:19-CV-1284 (JCH), 2020 WL 5362134, at *5 (D. Conn. Sept. 8, 2020) (citing *Frasca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990)); *Jordan*, 928 F. Supp. 2d at 598–99 (citing *Frasca*, 921 F.2d at 453).  If the plaintiff fails to properly serve the complaint within ninety days after filing it, Title VII's limitation period resumes running.  *Pimentel*, 2020 WL 5362134, at *5; *Jordan*, 928 F. Supp. 2d at 599.  Courts have consistently extended the service deadline in Title VII cases, in light of the short limitation period and the likelihood that it will expire following deficient service of process.  *E.g.*, *Johnson v. Fleet*, 371 F. Supp. 2d 155, 157–78 (D. Conn. 2005); *Pimentel*, 2020 WL 5362134, at *5; *Jordan*, 928 F. Supp. 2d at 599.

Here, Plaintiff initiated the present action on the eighty-ninth day after the EEOC issued its right-to-sue letter.  The ninety-day service period under Rule 4(m) was effectively stayed during the Court's initial review, but then began on October 11, 2022, and expired on January 9, 2023, more than three months ago.  *See* ECF No. 11.  Accordingly, if the Court were to dismiss this

action, a refiled one would most likely be untimely. This weighs strongly in favor of a discretionary extension of the service deadline. *See Zapata*, 502 F.3d at 197 (affirming a district court's discretionary extension of the service deadline where "the dismissal without prejudice in combination with the statute of limitations would result in a dismissal *with* prejudice," in consideration with other factors (emphasis in original)); *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (noting that "the fact that the statute of limitations has run on a plaintiff's claim" may be sufficient, standing alone, "to justify extending the time for service").

The second factor, whether Defendant had actual notice of Plaintiff's claim, also weighs in favor of a discretionary extension of the service deadline, given that Defendant was aware of Plaintiff's allegation of employment discrimination since he filed his charges with the CHRO and EEOC. In addition, although Plaintiff's attempts to serve Defendant were procedurally deficient, such attempts put Defendant on actual notice of the present action. *See Jordan*, 928 F. Supp. 2d at 599 (explaining that the defendant had actual notice of the action where the plaintiff failed to comply with the service requirements but sent the summons and complaint by certified mail).

The third factor, whether Defendant attempted to conceal the defect in service, weighs against extending the service deadline, if only marginally. *See John*, 309 F.R.D. at 156 (extending the service deadline despite the defendant promptly raising the defect in service); *Jordan*, 928 F. Supp. 2d at 599 (reasoning that this factor was "inapplicable" where the defendant promptly raised the defect in service because "this factor alone does not offset the numerous reasons that support granting [the] plaintiff additional time to correct service of process"). Defendant did not attempt to conceal the defects in service, but rather promptly raised those defects in the present motion to dismiss.

The fourth factor, whether Defendant would be prejudiced by an extension of the service deadline, also weighs in favor of a discretionary extension of the service deadline. Defendant will not be meaningfully prejudiced by such an extension because it has been aware of Plaintiff's claim against it since the administrative charges were filed. *See Dervishi ex rel. T.D. v. Stamford Bd. of Educ.*, No. 3:11-cv-1018, 2013 WL 12413208, at *2 (D. Conn. July 17, 2013) (finding no prejudice to the defendant in late service of the complaint because the defendant had been "well aware of [the] plaintiff's action against it"). Moreover, if Defendant suffers any prejudice from the delay in proper service, such prejudice would be "slight" because Plaintiff's failure to timely serve Defendant has aged the case by only a few months, not years. *See John*, 309 F.R.D. at 156. Although the Court recognizes that an extension would require Defendant to litigate an action that would otherwise be time-barred, such prejudice is diminished in light of Defendant's knowledge of the existence of the action, and does not outweigh the other reasons for granting an extension. *See id.* (noting that the test for discretionary extension of the service deadline under Rule 4(m) would be "seriously flawed" if the time-barred nature of a refiled action would at once weigh in favor of the plaintiff under the first factor and simultaneously weigh in favor of the defendant under the fourth factor because "a plaintiff who wins at the first step will always see her gain cancelled out at the last step").

In sum, the first factor weighs strongly in favor of a discretionary extension of the service deadline, the second and fourth factors also weigh in favor of an extension, and the third factor weighs only marginally against an extension. Moreover, Plaintiff's status as a *pro se* litigant requires the Court to afford a certain degree of "leniency" in the enforcement of procedural rules. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). On balance, an extension of the service deadline is justified here.

**IV.     ORDERS**

Accordingly, the Court will exercise its discretion to extend the deadline *nunc pro tunc* for Plaintiff to effectuate proper service on Defendant, according to the following schedule.  By **April 21, 2023,** Defendant shall file a notice on the docket indicating whether it considers itself to be a domestic corporation, subject to service under Rules 4(h) and 4(d), or a municipal corporation or other state-created governmental organization, subject to service under Rule 4(j).  Thereafter, Plaintiff must appropriately serve Defendant either under Rules 4(h) and 4(d), if Defendant has indicated it is a domestic corporation, or under Rule 4(j), if Defendant has indicated it is a municipal corporation or other state-created governmental organization, according to the deadlines set forth below.

**If Defendant identifies as a domestic corporation**, Plaintiff must send Defendant a notice of the present action and a request that Defendant waive service of a summons pursuant to the requirements of Federal Rule of Civil Procedure 4(d)(1) and the forms appended to Rule 4 by **May 5, 2023.**  Plaintiff shall address the notice and request to Henry Jadach, Defendant's Executive Director, who Defendant indicated is its authorized agent for service.  *See* ECF No. 22-1 at 2 n.1.  The notice and request must comply with the other requirements of Rule 4(d)(1)(B)–(G), specifically: they must name the U.S. District Court for the District of Connecticut; they must be accompanied by a complete copy of the First Amended Complaint, ECF No. 12, as well as two copies of the waiver form appended to Rule 4 and a prepaid envelope for returning the waiver form to Plaintiff; they must inform Defendant of the consequences of waiving and not waiving service, according to the form appended to Rule 4; they must state the date when the request was sent; they must give Defendant thirty days to return the waiver; and they must be sent by first-class mail or

other reliable means.  If Plaintiff receives an executed waiver of service from Defendant, Plaintiff must promptly file such waiver on the docket.

If Plaintiff has not received a waiver of service from Defendant by **June 9, 2023,** Plaintiff must arrange for in-person service by a person who is over the age of eighteen and who is not a party (i.e., not Plaintiff) on Henry Jadach, Defendant's authorized agent for service, pursuant to Rule 4(c) or Connecticut General Statute § 52-57(c).  Service must be effectuated by **June 23, 2023.**  When service is effectuated, Plaintiff must promptly file proof of service on the docket.  In the event that Defendant does not waive service and Plaintiff arranges for in-person service, Defendant must, along with its response to the complaint, show cause why the cost of service should not be imposed on Defendant pursuant to Rule 4(d)(2).

**If Defendant identifies as a municipal corporation or other state-created governmental organization**, a person who is over the age of eighteen and who is not a party (i.e., not Plaintiff) must deliver a copy of the summons and First Amended Complaint, ECF No. 12, to Henry Jadach, Defendant's Executive Director, or must serve Defendant in the manner prescribed under Connecticut General Statute § 52-57(b), by **June 23, 2023**.

If Plaintiff fails to properly serve Defendant according to the deadlines set forth above, either through a waiver of service or in-person service, Defendant may renew its motion to dismiss by **June 30, 2023.**  In that event, the Court will not be inclined to extend the service period again absent a showing of extraordinary circumstances.

Moreover, Plaintiff's opposition to the motion to dismiss represents that he intends to seek leave to file a second amended complaint, ECF No. 26 ¶ 19, but no such motion is presently before the Court, and the Court will not entertain any such motion until Defendant has been properly served with the operative complaint, the First Amended Complaint, ECF No. 12.

The Court will issue a scheduling order if the First Amended Complaint is properly served on Defendant.

## V. CONCLUSION

For the reasons described above, Defendant's motion to dismiss, ECF No. 22, is DENIED without prejudice to renew if Plaintiff fails to effectuate proper service as instructed herein.

**SO ORDERED** at Hartford, Connecticut, this 14th day of April, 2023.

 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE